**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David GARZA, Defendant–Appellant.**

No. 02–1514.

United States Court of Appeals,
Sixth Circuit.

Nov. 25, 2003.

---

John C. Bruha, Andrew B. Birge, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Lawrence J. Phelan, Grand Rapids, MI, for Defendant–Appellant.

BEFORE: BATCHELDER and COLE, Circuit Judges; HOOD, District Judge.*

## OPINION

COLE, Circuit Judge.

Defendant–Appellant David Garza appeals his sentence arising from a guilty plea to one count of conspiracy to possess with the intent to deliver marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) and one count of perjury in violation of 18 U.S.C. § 1623. Specifically, Garza argues that the base offense level for the perjury count was improperly calculated under the United States Sentencing Guidelines.

Garza testified at the murder and drug conspiracy trial of Eliseo Alvarez, Jr. Garza was subsequently indicted on drug conspiracy and perjury charges related to his testimony. Garza pled guilty to both the drug conspiracy count and one count of perjury. Although Garza was involved in the same drug conspiracy as Alvarez, Garza was held responsible—for purposes of sentencing on the drug conspiracy count—for 57 kilograms of marijuana, while the Alvarez conspiracy as a whole involved 2,799 kilograms of marijuana. The district court, following the pre-sentencing report's (PSR) recommendation, sentenced Garza on the perjury count using the 2,799 kilogram drug conspiracy as the underlying offense for the perjury count. Garza contends that the district court improperly applied the Sentencing Guidelines and should have used only the 57 kilograms for which he was held responsible on his conspiracy count to determine the underlying offense.

The district court properly applied the Sentencing Guidelines. Sentencing Guideline § 2J1.3, which applies to perjury, contains a special cross-reference to § 2X3.1 (Accessory After the Fact) where the perjury, as here, was "in respect to a criminal offense." U.S. SENTENCING GUIDELINES MANUAL § 2J1.3(c) (2001). Applying § 2X3.1, Garza's base offense level was computed at 26, that is "6 levels lower than the offense level for the underlying offense" which was 32—the base offense level for drug conspiracies involving at least 1,000 but less than 3,000 kilograms of marijuana—for the underlying offense of Alvarez's 2,799 kilogram drug conspiracy. The district court concluded that the combined

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

offense level for both counts was also 26 and adjusted this level downward by three levels for acceptance of responsibility for a final offense level of 23. U.S. Sentencing Guidelines Manual §§ 3D1.4, 3E1.1. Based on this offense level, Garza received concurrent sentences of fifty-four months on each count.

This case turns on the proper meaning of "underlying offense" in § 2X3.1. The application note to § 2X3.1 provides: " 'Underlying offense' means the offense as to which the defendant is convicted of being an accessory." U.S. Sentencing Guidelines Manual § 2X3.1 cmt. n. 1. Here, Garza perjured himself at Alvarez's trial. Although Garza's false testimony was *about* his own involvement in the Alvarez conspiracy, the perjury occurred at and was in regard to the drug offense for which Alvarez was on trial—a conspiracy that involved over 1,000 kilograms of marijuana. Moreover, Garza's perjured testimony called into question the testimony of one of the prosecution's witnesses in its case-in-chief, Reynaldo Rios. Rios, a coconspirator, testified at Alvarez's trial regarding the conspiracy, including transactions with Garza that Rios had conducted on behalf of Alvarez—transactions which Garza's perjury denied.

Additionally, we must reject Garza's argument because it would lead to anomalous and unjust results. If we accepted Garza's reading of § 2X3.1, an otherwise completely innocent person who perjured himself or herself at Alvarez's trial would be subject to a longer sentence than a coconspirator such as Garza who participates in something less than the full conspiracy.

Finally, Garza suggests that even if the proper underlying offense is the larger conspiracy, the district court can use only conduct that Garza knew or should have known about as the basis of the underlying offense. According to Garza, this amount is the same as the 57 kilograms for which the PSR and the district court found him responsible under the drug conspiracy count. Yet Garza's knowledge for purposes of the perjury sentence is different from his knowledge for purposes of his drug conspiracy sentence. Garza knew or should have known *at the time he committed the perjury* that he was perjuring himself at Alvarez's trial regarding the drug conspiracy for which Alvarez was indicted—charges of conspiracy to distribute at least 1,000 kilograms of marijuana, a crime that carries a base offense level of 32.

For the reasons above, we AFFIRM the judgment of the district court.